## ALDEN GRIFFIN *vs.* ABRAHAM RISING & others.

In an action against assessors, for a breach of official duty, to the special injury of the plaintiff, it is incumbent on him to prove the election and qualification of the defendants by the records; and secondary evidence thereof is only admissible upon proof that the records are lost or missing.

When a verdict in the court of common pleas is set aside on exceptions, this court have no authority to order a nonsuit.

IN this action, which was an action on the case, tried in the court of common pleas, before *Byington*, J., the declaration alleged, that the defendants, in April, 1844, were chosen and sworn assessors of the town of Southwick, for that year; that the plaintiff was an inhabitant of Southwick, liable to taxation, and upwards of twenty-one years of age; that the defendants, knowing these facts, refused to tax the plaintiff; and that the defendants, at a town meeting held in the following November, were the acting selectmen of the town, and presided in the meeting as such.

In order to prove that the defendants were the assessors and selectmen of Southwick, the plaintiff offered to show, by parol testimony, that they held meetings as assessors, — made out and put up lists of voters for the year 1844, — requested that the names of persons not borne on the lists should be handed in to them, which was done; that the defendants took a memorandum of such names and inserted a part of them on the list, but refused to put the plaintiff's name thereon; that the defendants also acted as selectmen, and as such refused to allow the plaintiff to vote, because they had not put his name on the list.

The judge, being of opinion, that it was incumbent on the

plaintiff to prove that the defendants were legally chosen and qualified as assessors and selectmen, by the records of the town or by copies thereof properly authenticated, as being the better and legal evidence of those facts, refused to receive the evidence above mentioned. The plaintiff did not offer to prove, that there were no existing records of such facts.

The jury thereupon returned a verdict for the defendants, and the plaintiff alleged exceptions.

*W. G. Bates*, for the plaintiff.

*N. T. Leonard*, for the defendants.

SHAW, C. J.   The principles, on which, in the opinion of the court, this case must be decided, were settled on a former hearing. *Griffin* v. *Rising*, 11 Met. 339.   But as the verdict had been in favor of the plaintiff, upon doctrines, which the court thought incorrect, in point of law, the only judgment the court could then render was to sustain the exceptions and set aside the verdict.   The court have no authority to order a nonsuit, and it was therefore open to the plaintiff to take a new trial, if he thought he could make a better case.

The case now comes before us again, upon a single point, which is this : the court ruled, that in order to charge the defendants with a breach of duty, as assessors, to the special injury of the plaintiff, he must prove the election and qualification of the defendants, as such officers, by the records, or offer evidence that the records were lost or missing, in order to let in secondary evidence.   The court are of opinion, that this decision was correct.   The plaintiff expressly avers in his declaration, that at an annual town meeting described, the defendants were legally chosen assessors of said town, and that they accepted and were duly sworn to the faithful discharge of the duties of their office.   This allegation lies at the foundation of the complaint, and must be proved.   Of this allegation, the record, or an authenticated copy of it, is the regular and proper proof ; and other evidence is admissible as secondary only, upon proof of the loss or absence of the record.   *Thayer* v. *Stearns*, 1 Pick. 109.

*Exceptions overruled.*